WILLIAM H. TRAFFORD, Administrator, *v.* WILLIAM AUSTIN and others.

October Term, 1877.

INSOLVENT ESTATE — ADMINISTRATOR MAY FILE A BILL TO REMOVE A CLOUD FROM THE TITLE AND TO SELL LAND.— Where the insolvency of an estate has been suggested in the County Court, the administrator may file a bill in this court to remove a cloud from the title to land held by the intestate, and to sell the same for the payment of debts.

FRAUDULENT CONVEYANCE — PRESUMPTION AGAINST ITS DELIVERY FROM POSSESSION. —A possession of land by an intestate for forty years after the execution by him of a deed to a third person, made to defraud creditors, is sufficient, in the absence of proof of a delivery of the deed, to raise a presumption either that the deed had not been delivered to and accepted by the grantee, or that he had relinquished any claim thereby acquired.

*South*, for complainant.
*Brien*, for self.

THE CHANCELLOR : — The bill is filed by the complainant, as administrator of the estate of Richard Deshazo, deceased, to subject a certain lot in Nashville to the satisfaction of debts. For this purpose, the heirs and creditors of the intestate are made defendants. The title to the realty is under a cloud, by reason of a deed purporting to be made by the intestate to one Gude Eakin, for the consideration of $450, in the year 1835, and then registered. To remove

this cloud, the heirs of Eakin, he having died several years ago, are made defendants. The title is under a further cloud by reason of tax-sales of the lot, under which the defendant Brien became the purchaser, and has gone into possession since the death of the intestate, which occurred early in 1875. A guardian *ad litem* was appointed for some of the Eakin heirs, who are infants, and an answer has been filed by him. Brien has also answered, insisting upon the validity of his tax-title. The bill is taken for confessed as against all the other parties.

The complainant has neglected to state and show, if the fact be so, that he suggested the insolvency of the estate to the County Court previous to the filing of the bill, as required by the Code, sec. 2366. This is, it seems, an essential prerequisite to the jurisdiction of the court. *Campbell* v. *Bryant*, 1 Tenn. Leg. Rep. 136. If the omission is a mere oversight, I will permit it to be supplied. The complainant has also neglected to file a certified copy of his letters of administration, which is, perhaps, necessary so far as the non-resident and infant defendants are concerned. This omission may also be supplied.

Under our statutes, all of a debtor's property not exempt by law is made assets " for the satisfaction of his just debts." Code, sec. 2252. The subjection of lands to the debts of a decedent, after the lands had descended to his heirs, was at first accomplished, after exhausting the personal estate, by a *scire facias* against the heirs, based upon the judgment against the personal representative, and execution to be levied of the realty. Code, secs. 2257, 2264. If the heirs had only an equity in the realty, or if the title to the realty was under a cloud, the creditor was, of course, entitled to come into equity for relief after having exhausted his remedy at law. *Elliot* v. *Patton*, 4 Yerg. 10. By the act of 1827, 54, 4 (Code, sec. 2267 *et seq.*), the personal representative or the creditor was permitted, upon the exhaustion of the personal assets, to reach the realty descended

by petition conducted as a suit in equity. *Dulles* v. *Read,* 6 Yerg. 53. Afterwards, upon the suggestion of the insolvency of the estate to the County Court, meaning thereby that the personal assets were insufficient to pay the debts, the estate might, according to the value of its real and personal assets, be administered in the County or Chancery Court, upon petition or bill filed either by the personal representative or the creditor. And, as incident to the subjection of the realty to the satisfaction of the debts, there can be no doubt that equity might be resorted to for the purpose of removing clouds from the title. The right always belonged to the creditor, and was by statute conferred upon the personal representative for the benefit of creditors. Code, sec. 2395; *Boxy* v. *McKay,* 4 Sneed, 286. And if there were any doubt whether these principles and provisions apply in the present case, the absence of any preliminary objection to the jurisdiction of the court by any of the defendants would remove the doubt. Moreover, the only remedy of the creditors, where the heir is passive, is in chancery.

The defendant Brien, in his answer, refers for his tax-title to his answer, and the papers filed therewith, in another cause pending in this court, which seems to be a suit by the heirs of Gude Eakin against him for the same land. These papers have not been submitted to me, but I presume the parties intended that they should be considered before me. If, as I suppose, they show title under a sale made on the first Monday of July, 1874, and subsequent days, the title is clearly bad, as I have already held in several cases. If, upon taking an account of the debts of the estate, and an administration account, with the complainant as administrator, the personal assets are shown to be insufficient to pay the debts of the estate, the complainant will be entitled to have the land sold for the payment of the debts, and, for this purpose, to have the land taken into the custody of the court. The defendant Brien will be charged with rents,

and allowed for taxes and necessary repairs, including the amount of his bid at the void sale, with interest. The costs will be paid out of the proceeds of sale.

As to the Gude Eakin deed of 1835, the equity of the bill is rested upon the allegation that, although registered, the deed never was delivered. The truth of this averment is conceded by the resident adult defendants, by permitting the bill to be taken for confessed. And it is, I think, sufficiently made out, as against the non-resident defendants and infants, by the proof. For, although the deed of 1835 seems to have been executed for a fraudulent purpose, and was therefore good as between the parties if actually delivered, there is no such proof of a formal delivery and acceptance to rebut the presumption of non-delivery arising from the uninterrupted possession of the intestate for the succeeding forty years. Besides, the parties to a fraudulent transaction may abandon it before the rights of third persons intervene, and such abandonment is demonstrated by the lapse of time, and continuous holding for himself of the intestate. It has been decided by our Supreme Court, that although the personal representative of the fraudulent vendor shall not impeach the sale of the vendor, yet, if the vendee relinquishes his claim, the estate shall be regarded as the estate of the deceased. *Sharp* v. *Caldwell*, 7 Humph. 415. See also *Walker* v. *McConnico*, 10 Yerg. 228. There is some oral testimony tending to show that the intestate continued in possession of the land under an instrument in writing, signed by Gude Eakin with his mark, reconveying to him for life. But the evidence is utterly insufficient to show that any such instrument was ever executed by Gude Eakin, or accepted by the intestate, and too vague for any purpose. There is no pleading, moreover, to justify the introduction of the testimony. Costs will be paid by the estate.